## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DESTINY CLARK,

        Plaintiff,

v.

        Case No.: 6:19-cv-01033-JWB-GEB

NEWMAN UNIVERSITY, INC.,

        Defendants.

### DEFENDANT'S OBJECTIONS TO
### PLAINTIFF'S REBUTTAL EXPERT REPORT

Pursuant to the Court's Scheduling Order [Doc. 28] and Federal Rule of Civil Procedure 26(a)(2) & (3), Defendant Newman University, Inc. ("Newman"), hereby objects to Plaintiff's rebuttal expert disclosures served on March 5, 2021.  In support of its objection, Newman states as follows:

1.      In her rebuttal expert witness designation, Plaintiff identified Scott Lewis, Managing Partner at TNG Consulting ("Lewis") and his Expert Report (the "Report").

2.      Pursuant to Rule 26(a)(2)(B), an expert report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) **the facts or data considered by the witness in forming them**;
(iii) **any exhibits that will be used to summarize or support them**;
(iv) **the witness's qualifications, including a list of all publications authored in the previous 10 years**;
(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition;  and
(vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

3.      Under Federal Rule of Civil Procedure 37(c)(1), when a party fails to identify or provide information about a witness as required by Rule 25(a), that party "is not allowed to use

4836-9294-7681.1

that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).

4. Plaintiff's Rebuttal Expert Disclosures do not comply with the Federal Rules and are, therefore, deficient.

5. The Report does not adequately identify the facts or data considered by Lewis in forming his opinions. *See* Fed. R. Civ. P. 26(a)(2)(B)(ii). It also does not identify, with specificity, the exhibits that Lewis used to summarize or support his opinions. *See id*. at (a)(2)(B)(iii).

6. Lewis identifies no bates numbers or other identifying information for what he describes as "Plaintiff's complaint," "Title IX investigative report for Destiny Clark," or "Newman's report re: Ms. Clark." For example, Newman does not know if Lewis means Plaintiff's Complaint in this lawsuit or a complaint she made during her tenure at Newman. Additionally, Lewis does not attach, identify, or otherwise describe the other documents on which he relied. Lewis simply, and broadly, identifies several depositions and related exhibits.

7. Newman cannot adequately evaluate Lewis's report with such vague and ambiguous descriptions of the facts, data, and exhibits. Providing broad references to unidentified, unspecified documents – some of which cannot be readily identified at all – causes Newman extreme hardship. Newman cannot respond to this deficient rebuttal expert disclosure.

8. Furthermore, in footnote one to Lewis's Report, Lewis states that he reviewed several documents in the course of his retention in another case: *Greenfield v. Newman*, Case No.: 2018-cv-02655-HLT-TJJ. Plaintiff is not a party to the *Greenfield* case. Her expert, however, was previously retained by Mandy Greenfield in the *Greenfield* case. [Doc. 161 to 2018-cv-02655-HLT-TJJ]. As a result of that relationship, Mr. Lewis was apparently given access to certain information and documents. Many of the documents in the *Greenfield* case were produced

pursuant to Judge James' Protective Order.  Doc. 84 to 2018-cv-02655-HLT-TJJ.   Accordingly, Plaintiff – a non-party in the *Greenfield* case – would not have access to documents produced in the *Greenfield* matter that were provided subject to the protections of the Protective Order.[1] Plaintiff may not circumvent a Protective Order in a case to which she is not a party by hiring an expert who has access to that protected information and testimony.  It is also inappropriate for an expert to use documents and things received in the course of his expert retention for another party in other, related litigation for the purposes of preparing the Report in this case.  Based on a review of the disclosure and Report provided, Newman cannot ascertain whether Lewis' Report relies on those *Greenfield* documents at all.  And, Lewis does not identify them by bates number, describe them, or append them as required by Rule 26(a)(2)(B).

9.      Finally, Plaintiff's rebuttal expert disclosure does not provide Lewis's qualifications or a list of publications for the last 10 years.  Plaintiff appears to append what is equivalent to a website biography in lieu of the requirements outlined in Rule 26(a)(2)(B)(iv). Plaintiff provides no *curriculum vitae* for Lewis.  And, a simple web search would reveal far more background information on Lewis than is disclosed by Plaintiff.

10.      Plaintiff's rebuttal expert Report is deficient by the majority of factors outlined in Rule 26(a)(2)(B).  Accordingly, Newman is prejudiced by this rebuttal expert disclosure.  Newman objects to Plaintiff's Rebuttal Expert Disclosures and reserves the right, after any conferral and under Rule 37(c), to move to strike Plaintiff's Rebuttal Expert Disclosures.

---

[1] Newman sought discovery on the existence of a joint prosecution agreement between Plaintiff Clark and Plaintiff Greenfield.  All discovery responses indicated that no such agreement existed. There should be no exchange of discovery documents between cases.

WHEREFORE, Defendant Newman University, Inc. objects to the attempted disclosure of Plaintiff's rebuttal expert, Mr. W. Scott Lewis, and his accompanying report because of non-compliance with Federal Rule of Civil Procedure 26(a)(2)(B).

/s/ Colby M. Everett
Alan L. Rupe, KS #08914
Nanette Turner Kalcik, KS #24030
Ellen C. Rudolph. KS #27945
Colby M. Everett, KS #28279
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206
Telephone: (316) 609-7900
Facsimile: (316) 462-5746
alan.rupe@lewisbrisbois.com
nanette.kalcik@lewisbrisbois.com
ellen.rudolph@lewisbrisbois.com
colby.everett@lewisbrisbois.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2021, I filed the above Defendant's Objections to Plaintiff's Rebuttal Expert Report using the Court's CM/ECF system which sent notice of filing to all counsel of record.

/s/ Colby M. Everett
Colby M. Everett