## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DESTINY CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-1033-JWB-GEB |
| ) | |
| NEWMAN UNIVERSITY, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Quash the subpoenas served on non-parties Mandy Greenfield and John Walker, and to stay the period for subpoena compliance pending the Court's ruling (**ECF No. 164**). On May 28, 2021, the Court held a status conference in this matter. Given the amendment of Defendant's Answer, an additional discovery period was permitted and a new schedule entered to govern this matter. (Order, ECF No. 179.) During this conference, the parties were encouraged to confer about resolution of Defendant's motion to quash, considering the extension of the discovery period. In the event the parties did not notify the Court of any stipulations or resolutions by June 11, 2021, the Court notified counsel it would issue a written opinion on the matter. (*Id.*)

Counsel did not reach a resolution. Therefore, after careful consideration of all briefing, the Court **DENIES in part** and **GRANTS in part** Defendant's motion as outlined below.

**I.      Background**[1]

The nature of this litigation has been explored extensively in prior orders and will not be repeated herein. (*See* Mem. and Orders, ECF Nos. 65, 82, 155.) Summarily, Plaintiff Destiny Clark is a former head volleyball coach at Newman University. After her employment ended, she filed this case on February 14, 2019 against Newman and Victor Trilli, Newman's athletic director, asserting a variety of claims, including: Title IX retaliation; violation of the Equal Pay Act; Title VII retaliation; hostile work environment; gender discrimination; intentional infliction of emotional distress; negligent hiring/retention; negligent training/failure to train; and negligent supervision. Following Defendants' dispositive motion, Plaintiff's state claims for negligent hiring, supervision, or retention and her claims for intentional infliction of emotional distress were dismissed, as was defendant Trilli. (*See* Mem. and Order, ECF No. 65.)

Early disputes in this lawsuit delved into the Title IX investigation and Newman's retention of the law firm of Lewis Brisbois Bisgaard & Smith, LLP to complete the investigation. (*See* Mem. and Order, ECF No. 82.) Despite these early issues, a Scheduling Order was entered in June 2019 (ECF No. 28). The schedule was later revised on multiple occasions at the parties' requests.[2] As the case neared the close of discovery, Plaintiff sought an extension of her rebuttal expert deadline and Defendant filed a motion to amend

---

[1] The information recited in this section is taken from the pleadings (Compl., ECF No. 1; Answer, ECF No. 77), the briefs regarding Defendant's Motion to Quash (ECF Nos. 164, 165, 166, 174); and the Court's prior Orders (ECF Nos. 65, 82, 155). This background information should not be construed as judicial findings or factual determinations.

[2] See various scheduling orders at ECF Nos. 61, 85, 112, 116, 131, and 156.

2

its answer. (*See* Motions, ECF Nos. 120, 149.) The undersigned Magistrate Judge granted Plaintiff an extension for her rebuttal deadline, and issued a Recommendation to deny Defendant's motion, to which Defendant objected. (ECF No. 155.)

Pursuant to the most recent schedule, discovery closed on March 26, 2021. (ECF No. 156.) The parties submitted a proposed pretrial order, and a pretrial conference was scheduled for May 28, 2021. However, this conference proceeded as a status conference and the pretrial conference was postponed pending the District Judge's ruling on the amendment issue. District Judge Broomes issued his ruling granting Defendant's motion to amend its Answer on May 21, 2021 (ECF No. 176), and Defendant filed its Amended Answer on May 24, 2021. (ECF No. 177.)

## II.   Motion to Quash (ECF No. 164)

Other Title IX litigation against defendant Newman was filed in this District but involves different plaintiffs, plaintiffs' counsel, and assigned judges. Although the parties have discussed the concurrent litigation at points throughout the life of this matter, the other two lawsuits are not formally linked to this case. Both cases have since been resolved. (*See Greenfield v. Newman Univ.*, No. 18-2655-HLT-TJJ (filed Dec. 3, 2018; closed Dec. 15, 2020); *Walker v. Newman Univ.*, No. 19-2005-HLT-TJJ (filed Jan. 3, 2019; closed Dec. 23, 2020)).

Both Mandy Greenfield and John Walker, the plaintiffs in those cases, were involved in the investigation of Plaintiff's Title IX complaint, and both claimed, in part, they were fired for their roles in the investigation. On March 18, 2021, Plaintiff in this matter filed two notices of intent to issue subpoenas to these non-party witnesses, Ms.

3

Greenfield and Mr. Walker. (ECF Nos. 162; 163.) Such subpoenas sought production of deposition transcripts within 14 days of receipt of each subpoena. Through Plaintiff's subpoena to Ms. Greenfield and from the *Greenfield* litigation, Plaintiff seeks the deposition transcripts of 14 individuals, including: Jeremy Schrag, John Walker, Icer Vaughn, Vic Trilli, Katie Link, Jennifer Gantz, Kelly McCarthy, Kimberly Long, Theresa Hall-Bartels, Lisa DeLoach, Morris Floyd, Jill Fort, Noreen Carrocci, and Mandy Greenfield. Through Plaintiff's subpoena to Mr. Walker and from the *Walker* litigation, Plaintiff seeks the deposition transcripts and exhibits of John Walker. Defendant filed its motion to quash both subpoenas on April 1, 2021. (ECF Nos. 164, 165.) Plaintiff responded (ECF No. 166), and following Defendant's Reply brief (ECF No. 174), the motion is ripe for consideration.

### A.     Positions of the Parties

Defendant argues Plaintiff's subpoenas are untimely and should be quashed on that basis alone. (ECF Nos. 164, 165, 174.)  Plaintiff issued her notice on March 18 and discovery closed on March 26, which did not provide adequate time to comply within the discovery period set by this Court. Additionally, Defendant contends the subpoenas seek duplicative and irrelevant information, in part because Plaintiff deposed nearly all the same witnesses in the instant case. Defendant also complains the schedule was most recently revised at Plaintiff's request, and the Court should not now reopen discovery, which would advantage Plaintiff and prejudice Defendant. Defendant contends it is "free to use whatever transcripts or affidavits it chooses" in defense of its case; Plaintiff never asked it for these transcripts, and her discovery requests did not cover such information. (ECF No. 174 at 3-

4

4.) Additionally, Defendant contends many of the transcripts are from witnesses not relevant to this litigation and permitting Plaintiff's use of them would circumvent the ten-deposition limit in this matter. Defendant maintains Plaintiff should have used the extensive discovery period in this case to depose these witnesses herself.

Plaintiff contends defense counsel is attempting to use the depositions in its defense without sharing the information. (ECF No. 166.) She contacted Greenfield and Walker's counsel, Sarah Brown, in the fall of 2020, seeking deposition transcripts from the other litigation.[3] Only a single deposition, of Noreen Carrocci, had been conducted at that time, and that transcript was provided. (*Id*. at 2.) Following this request, defense counsel in both *Walker* and *Greenfield*—the same defense counsel as the instant case—designated all other depositions in the concurrent litigation as confidential and subject to those cases' Protective Orders. (*Id*.) Then, in January 2021, the same defense counsel asked Ms. Brown to remove the confidentiality designations from the Greenfield and Walker depositions taken in the *Greenfield* case for Defendant's use in this case. Redacted versions of both transcripts were provided to defense counsel. (ECF No. 166 at 2; Ex. A.) Defense counsel did not share these deposition transcripts with Plaintiff's counsel.

In Plaintiff's Response brief, she notes it is unclear whether other depositions from the concurrent cases will remain under those cases' protective order(s) and whether Defendant plans to use other transcripts. (*Id.* at 2-3.) In Defendant's Reply brief, however,

---

[3] A Declaration from Sarah Brown, counsel for John Walker and Mandy Greenfield in their respective lawsuits, was provided in support of Plaintiff's Response brief. (ECF No. 166, Ex. A.)

5

Defendant concedes "only Lisa DeLoach, Mandy Greenfield, and John Walker bear relevance to Newman's defenses." (ECF No. 174 at 7.)

Plaintiff asks the Court to enter one of the following decisions: 1) deny Defendant's motion to quash based on timeliness because prior to March 2021, there was no apparent need for the subpoenas; 2) grant Plaintiff's request for a short extension so the subpoenas may be answered within the discovery period; or 3) deny the Defendant's use of any deposition transcripts not produced to Plaintiff prior to the pretrial conference in this case. (ECF No. 166 at 7.)

### B. Legal Standards

Defendant's request to quash the non-party subpoenas implicates three primary Federal Rules of Civil Procedure: Rule 16 addressing the modification of the schedule; Rule 26 outlining the scope of discovery, and Rule 45 regarding subpoenas. Each rule is addressed in turn.

#### 1. Fed. R. Civ. P. 16

Under Fed. R. Civ. P. 16(b)(4), a scheduling order may be modified only for good cause and with the court's consent. "Whether to extend or reopen discovery is committed to the sound discretion of the trial court and its decision will not be overturned on appeal absent abuse of that discretion."[4] To decide whether to reopen or extend discovery, the court considers the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was

---

[4] *Greer v. City of Wichita, Kansas*, No. 16-1185-EFM, 2017 WL 3097876, at *1 (D. Kan. July 21, 2017) (quoting *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987)).

diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.[5]

### 2. Fed. R. Civ. P. 26

Rule 26(b)(1) permits discovery of "any non-privileged matter that is relevant to any party's claim or defense." Relevance, at discovery, is broad,[6] and does not mean the information obtained would necessarily be admitted at trial. If the party seeking discovery meets its initial, minimal burden to demonstrate its request is relevant on its face,[7] the resisting party cannot rely upon a conclusory statement that the requested discovery is irrelevant.[8] It "must either demonstrate the discovery sought does not come within the broad scope of relevance defined in Rule 26(b)(1), or that it is of such marginal relevance that the potential harm caused by the discovery would outweigh the presumption in favor of broad disclosure."[9] "Courts should lean towards resolving doubt over relevance in favor

---

[5] *Greer*, 2017 WL 3097876, at *1 (citing *Smith*, 834 F.2d at 169; also citing *Blair v. Transam Trucking, Inc.*, No. 09-2443, 2014 WL 5298171 (D. Kan. Oct. 15, 2014)).
[6] *See Speed Trac Techs., Inc. v. Estes Exp. Lines, Inc.*, No. 08-212-KHV, 2008 WL 2309011 at *3 (D. Kan. June 3, 2008).
[7] *Speed Trac*, 2008 WL 2309011, at *2 (citing *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05–2164-MLB-DWB, 2007 WL 2122437, at *4 (D. Kan. July 20, 2007).
[8] *XPO Logistics Freight*, No. 16-MC-224-CM-TJJ, 2016 WL 6996275, at *4 (citing *Speed Trac*, 2008 WL 2309011, at *3).
[9] *Id*.

7

of discovery,"[10] and the court has broad discretion over discovery matters and to decide when a protective order is appropriate.[11]

Additionally, under Rule 26(b), the scope of discovery must be "proportional 'to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'"[12] "A subpoena that seeks irrelevant, overly broad, or duplicative discovery causes undue burden, and the trial court may quash it on those bases."[13]

Rule 26(c) allows the court, for good cause, to issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. The Court then has broad discretion to utilize such a protective order to specifically define and/or narrow the disclosure or discovery, including the terms, timing, and method of discovery.[14]

---

[10] *Folger v. Medicalodges, Inc.*, No. 13-1203-MLB-KMH, 2013 WL 6244155, at *2 (D. Kan. Dec. 3, 2013) (citing *Jackson v. Coach, Inc.*, No. 07–2128–JTM–DWB, 2008 WL 782635, at *4 (D. Kan. Mar. 20, 2008); *Teichgraeber v. Mem'l Union Corp. of Emporia State Univ.*, 932 F. Supp. 1263, 1266 (D. Kan. 1996)).

[11] *See S.E.C. v. Merrill Scott & Assoc., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) ("The district court has broad discretion over the control of discovery ...") (internal citations omitted); *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010) ("Federal Rule of Civil Procedure 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.") (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

[12] *Gilbert v. Rare Moon Media, LLC*, No. 15-MC-217-CM, 2016 WL 141635, at *4 (D. Kan. Jan. 12, 2016) (citing Fed. R. Civ. P. 26(b)).

[13] *Rare Moon,* 2016 WL 141635, at *4 (citing *Heartland Surgical Specialty Hosp.,* 2007 WL 2122437, at *5).

[14] Fed. R. Civ. P. 26(c)(1)(A)-(H).

Also relevant to the parties' dispute is Rule 26(e). This rule requires a party who has responded to discovery to supplement or correct its responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process."

### 3. Fed. R. Civ. P. 45

Fed. R. Civ. P. 45 provides guidelines for the issuance of subpoenas to non-parties. Rule 45(d)(3)(A) requires the court to quash or modify a subpoena that requires disclosure of privileged or protected information or subjects a person to undue burden. Although Rule 45 does not specifically include relevance or overbreadth as bases to quash a subpoena, "this court has long recognized that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34."[15]

Although standing does not appear opposed, as a threshold matter, Defendants must demonstrate standing in order to oppose the subpoenas to the non-party witnesses. Generally, a "motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed."[16] The court may make an exception if the party seeking to challenge the subpoena has a personal right or privilege regarding the information requested.[17]

---

[15] *Martinelli v. Petland, Inc.,* No. 10-mc-407-RDR, 2010 WL 3947526, at *3 (D. Kan. Oct. 7, 2010) (internal citations omitted); *Martin v. Grp. 1 Realty, Inc*., No. 12-2214-EFM-DJW, 2013 WL 3322318, at *2 (D. Kan. July 1, 2013).
[16] *Warkins v. Piercy*, No. 16-MC-216-CM-GEB, 2016 WL 7188284, at *3 (D. Kan. Dec. 12, 2016).
[17] *Id*.

The timing of the subpoenas is also important, and subpoenas should be pursued during the discovery period.[18] "[W]hen a [party] is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery requests should be denied."[19] In the absence of an extension of the deadline, a party generally may not proceed with discovery over objection of the opposing party.[20] If a subpoena is issued outside of the discovery period, the Court must use its discretion to consider whether to extend or reopen the discovery period.[21]

### C. Discussion

At the outset, the Court finds it puzzling that Defendant argued as recently as March 17, 2021, in its Objections to Plaintiff's Rebuttal Expert Report (ECF No. 160), "There should be no exchange of discovery documents between cases" as a result of the Protective Orders governing the concurrent *Greenfield* and *Walker* litigation. (ECF No. 160 at 3, n.1.) But it seems Defendant wants to have its cake and eat it, too, because months earlier, in December 2020, defense counsel requested removal of the confidentiality designations from the Walker and Greenfield transcripts in the *Greenfield* case for its own use.

---

[18] *Greer*, 2017 WL 3097876, at *1 ("Rule 45 subpoenas constitute discovery and are subject to the court's discovery deadlines.") (citing *Hollis v. Aerotek, Inc.*, No. 14-2494, 2015 WL 6442582, *3 (D. Kan. Oct. 23, 2015)).
[19] *Peterbilt of Great Bend, LLC v. Doonan*, No. 05-1281-JTM, 2006 WL 3193371, at *2 (D. Kan. Nov. 1, 2006) (quoting *Revander v. Denman,* 2004 WL 97693, *1 (S.D.N.Y.2004)).
[20] *Scherer v. GE Cap. Corp.*, 185 F.R.D. 351, 352 (D. Kan. 1999).
[21] *Greer*, 2017 WL 3097876, at *1.

Defendant was provided the transcripts, with personal information redacted, on March 11, 2021—prior to its filing of its March 17 objection.

Although Defendant argues Plaintiff's discovery request is not so broad that "witness statements" should include deposition testimony from other litigation, and Plaintiff never asked Defendant for these transcripts, the Court finds this argument unconvincing at best. The Court finds at least the transcripts of Greenfield, Walker and DeLoach are responsive to Plaintiff's discovery request and should have been provided as part of Defendant's ongoing duty to supplement.

In August 2019, Plaintiff served on Defendant written discovery requests which sought witness statements from any persons having any information related to her claims or defendant's defenses. (ECF No. 166 at 3.) Although Plaintiff's briefing does not cite or provide a copy of the request at issue, in a prior hearing[22] the parties produced copies of written discovery, specifically Defendant's Response to Plaintiff's First Request for Production of Documents.[23] As represented in Plaintiff's brief, her First Request for Production No. 43 seeks "all witness statements of any individual with any information related to Destiny Clark's claims or defendants' defenses." (*See* ECF No. 34, Notice of Service of Pl.'s Requests). Defendant objected to the request as implicating its work product, and responded in part to this request, and as part of its preliminary statements in

---

[22] Discovery conference (Feb. 12, 2020) (notes and position statements, including copies of discovery, maintained in Chambers file).

[23] Email from Kimberly Jones at kjones@mcdonaldtinker.com, legal assistant to Plaintiff's counsel, to ksd_birzer_chambers@ksd.uscourts.gov (Feb. 7, 2020, 11:20 a.m.) (with numerous attachments) (maintained in Chambers file).

its response, notes its "Responses to these requests may be supplemented upon Defendant's further analysis, investigation and acquisition of information."[24]

The Court finds the deposition testimony of the individuals who were involved in the investigation of Plaintiff's Title IX complaint—Greenfield and Walker—cannot, in good faith, arguably be considered *not* to be statements of relevant witnesses. Clearly, both Walker and Greenfield were named witnesses throughout the litigation. (*See, e.g.*, Pl.'s Initial Disclosures, May 30, 2019, naming both Greenfield and Walker as potential witnesses.) And Defendant concedes DeLoach's relevance at minimum by admitting in its Reply brief, "Lisa DeLoach, Mandy Greenfield and John Walker . . . met with [Plaintiff] repeatedly during the pendency of her Title IX investigation." (ECF No. 174 at 7.) As noted above, Fed. R. Civ. P. 26(e) requires Defendant to supplement its responses, and Defendant promised to do so upon "acquisition of information." When it acquired the previously-unavailable transcripts for use in this matter, it was incumbent upon Defendant to produce them. A failure to supplement under Rule 37(c)(1) specifically provides, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[25]

Not only did Defendant have a duty to supplement, but it is highly likely Defendant knew Plaintiff sought the other transcripts, which may have contributed to Defendant's

---

[24] Def.'s Response to Pl.'s First Request for Production of Documents; *see supra* notes 22, 23.
[25] *Kieffaber v. Ethicon, Inc.*, No. CV 20-1177-KHV, 2021 WL 1140553, at *2 (D. Kan. Mar. 25, 2021).

decision to seal access to them in the concurrent lawsuits. The Court acknowledges there are other reasons to seal the transcripts; however, counsel in this matter are referred to the Pillars of Professionalism and the directives therein regarding fairness and cooperation with opposing parties and counsel.[26] The Court finds Defendant's argument on the breadth of discovery unconvincing. And, though Defendant argues it is entitled to use any transcripts or affidavits it chooses to support its summary judgment motion (ECF No. 174 at 4)—whether Defendant may itself use the information and whether the information must be shared with Plaintiff are two entirely different questions.

Additionally, even looking outside Defendant's duty to supplement discovery, it is within the Court's discretion to extend the discovery cutoff to permit compliance with the subpoena.[27] Although both parties cite factors for the Court's use when determining whether to reopen discovery,[28] the Court finds such an exercise unnecessary given the now-extended discovery period following the amendment of Defendant's Answer. (Order, ECF. No. 179.) Suffice it to say, however, the factors weigh in favor of a short extension for the purpose of providing Plaintiff equal access to the deposition transcripts from the *Walker* and *Greenfield* case to which Defendant has been provided access. This case has yet to be set for trial, and given the procedural posture of the case, the Court finds no prejudice in

---

[26] *See* Memorandum and Order, adopting the *Pillars of Professionalism* (Oct. 19, 2012) (available at http://www.ksd.uscourts.gov/pillars-of-professionalism-joint-order); *see also United States v. Shelton*, No. 14-10198-EFM, 2015 WL 7078931, at *3 n. 16 (D. Kan. Nov. 13, 2015) (adopting the *Pillars* previously embraced by the members of the Kansas Bar).
[27] *Greer*, 2017 WL 3097876, at *1 (D. Kan. July 21, 2017) (quoting *Smith*, 834 F.2d at 169) ("Whether to extend or reopen discovery is committed to the sound discretion of the trial court…").
[28] *See* Def.'s Reply, ECF No. 174 at 5; Pl.'s Resp., ECF No. 166 at 5; *see also supra* note 5 and accompanying text.

13

permitting of Plaintiff's access to the document requested through the subpoenas at issue. Providing the transcripts will be a short chore and will not extend discovery for more than a single day, and any prejudice arguments based upon such a short delay are summarily overruled.

Defendant seeks the Court's assistance in navigating the protective order for the appropriate production of the Greenfield, Walker, and Deloach transcripts (ECF No. 174 at 7). However, it appears the same defense counsel designated all the depositions as confidential in those cases.[29] And, according to their counsel's declaration, Greenfield and Walker do not object to the redacted production of the deposition transcripts (aside from Walker's deposition in the *Walker* litigation), and are "willing to comply with the subpoenas but request a court order to do so."[30] (ECF No. 166-1.) Defendant is the same party to the other matters' protective orders, and requested the confidential designations be removed from the Walker and Greenfield deposition transcripts in the *Greenfield* litigation. Therefore, it appears any necessary "navigation" is, at least in large part, under Defendant's control—particularly if both parties to the other litigation agree to the transcripts' release and are court ordered to release them. (*Id.* at ¶ 9.)

The Court does question the necessity and relevance of <u>all</u> the transcripts for <u>all</u> witnesses in the *Greenfield* and *Walker* litigation and does not find Plaintiff has explained their facial relevance. However, Defendant concedes the relevance of the Greenfield,

---

[29] Brown Decl., ECF No. 166-1, ¶ 7.
[30] *Id.* at ¶ 15.

Walker, and DeLoach transcripts from the *Greenfield* case, and indicates it does not intend to seek release of others. (ECF No. 174 at 7.)

### D. Conclusion

The schedule in this case has already been modified and will easily accommodate the production of the information subject to Plaintiff's subpoenas. And, as described above, at least three of the deposition transcripts sought by Plaintiff's intended subpoenas appear to be relevant to Plaintiff's claims, meeting the broad definition of relevance under Rule 26(b). Furthermore, the Court finds the deposition transcripts to meet the definition of "witness statements" as described in Plaintiff's discovery requests, making it necessary for Defendant to produce the transcripts as a necessary part of its duty to supplement its discovery responses under Rule 26(e).

Therefore, Defendant is ordered to produce copies of the Greenfield, Walker, and DeLoach transcripts from the *Greenfield* case to Plaintiff immediately. And, to the extent Defendant possesses transcripts from <u>any</u> of those witnesses identified in Plaintiff's briefing (ECF No. 166) with the intent to utilize them in this proceeding, Defendant is ordered to provide copies of those transcripts to Plaintiff within 24 hours of this ruling. If Defendant later gains access to other transcripts, Defendant is ordered to provide copies of those transcripts to Plaintiff within 48 hours of its receipt of the transcripts.

The parties should make no mistake about this ruling: **any** deposition transcript released from the *Greenfield* and *Walker* cases to defense counsel *for use in this action* must immediately be provided to Plaintiff's counsel forthwith in the *same* condition it was provided to defense counsel in this case. There will be no one-upsmanship here: "The days

when the practice of law was an exercise in the art of one-upmanship are—or should be—long gone."[31]

Here, an Amended Protective Order is already in place which specifically protects "Confidential Title IX files and other investigative materials" as well as "Any testimony regarding Confidential Information as defined in Paragraphs 2(a)-(f)" of the order.[32] If the parties disagree this clause would prevent further distribution of the transcripts, they are encouraged to meaningfully confer regarding any amendment to the Protective Order or other stipulation regarding the protection of the transcripts.

For the above reasons, **IT IS THEREFORE ORDERED** that Defendant's Motion to Quash Subpoenas (**ECF No. 164**) is **DENIED in part,** in that Plaintiff's subpoenas are not quashed in their entirety as set forth above, and **GRANTED in part**, in that the period for subpoena compliance has been stayed pending the Court's ruling, and only those depositions relevant to this action and utilized by Defendant in this litigation are ordered produced to Plaintiff.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 2nd day of August 2021.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[31] *Werkheiser v. T. E. Warren, Inc.*, 361 A.2d 603, 605 (Sup. Ct. N.J., Law. Div. 1976) (citing *Jenkins v. Rainner*, 350 A.2d 473, 476 ("There is a vast difference between surprise and unfair surprise. The one is as beneficial as the other is harmful.").
[32] Am. Protective Order, ECF No. 88, at 4, ¶¶A (e), (g).