**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **DESTINY CLARK,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 19-1033-JWB-GEB |
| | ) |
| **NEWMAN UNIVERSITY, INC.,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM AND ORDER**
**ON PRETRIAL CONFERENCE**

This matter is before the Court on the parties' proposed pretrial order and subsequent discussion. On February 3, 2022, the Court held a pretrial conference in this matter. Given the disputes contained in the parties' proposal, the Court made rulings in the Pretrial Order which it explains briefly herein. (Pretrial Order, ECF No. 209.)

**I.     Background[1]**

The nature of this litigation has been explored extensively in prior orders and will not be repeated herein. (*See* Mem. and Orders, ECF Nos. 65, 82, 155, 182.) Summarily, Plaintiff Destiny Clark is a former head volleyball coach at Newman University. After her employment ended, she filed this case on February 14, 2019 against Newman and Victor Trilli, Newman's athletic director, asserting a variety of claims, including: Title IX

---

[1] The information recited in this section is taken from the pleadings (Compl., ECF No. 1; Answer, ECF No. 77) and the Court's prior Orders (ECF Nos. 65, 82, 155). This background information should not be construed as judicial findings or factual determinations.

retaliation; violation of the Equal Pay Act; Title VII retaliation; hostile work environment; gender discrimination; intentional infliction of emotional distress; negligent hiring/retention; negligent training/failure to train; and negligent supervision. Following Defendants' dispositive motion, Plaintiff's state claims for negligent hiring, supervision, or retention and her claims for intentional infliction of emotional distress were dismissed, as was defendant Trilli. (*See* Mem. and Order, ECF No. 65.)

Early disputes in this lawsuit delved into the Title IX investigation and Newman's retention of the law firm of Lewis Brisbois Bisgaard & Smith, LLP to complete the investigation. (*See* Mem. and Order, ECF No. 82.) Despite these early issues, a Scheduling Order was entered in June 2019 (ECF No. 28). The schedule was later revised on multiple occasions at the parties' requests.[2] As the case neared the close of discovery in late 2020, Plaintiff sought an extension of her rebuttal expert deadline and Defendant filed a motion to amend its answer. (*See* Motions, ECF Nos. 120, 149.) The undersigned Magistrate Judge granted Plaintiff an extension for her rebuttal deadline, and issued a Recommendation to deny Defendant's motion, to which Defendant objected. (ECF No. 155.)

Pursuant to an earlier schedule, discovery was to close on March 26, 2021. (ECF No. 156.) The parties submitted their first version of the proposed pretrial order by email to the undersigned on May 7, 2021,[3] and a pretrial conference was scheduled for May 28, 2021. However, this conference proceeded primarily as a status conference with discussion

---

[2] See various scheduling orders at ECF Nos. 61, 85, 112, 116, 131, and 156.

[3] Email from attorney Colby Everett (Colby.Everett@lewisbrisbois.com) to counsel and chambers (ksd_Birzer_chambers@ksd.uscourts.gov) (May 7, 2021 at 5:28 p.m.) (maintained in chambers file).

2

regarding some disputed areas of the proposed pretrial order. The pretrial conference was ultimately postponed pending the District Judge's ruling on the amendment issue; however, the parties were encouraged to confer and revise their proposed pretrial order in accordance with discussions at the conference.[4] District Judge John W. Broomes issued his ruling granting Defendant's motion to amend its Answer on May 21, 2021 (ECF No. 176), and Defendant filed its Amended Answer on May 24, 2021. (ECF No. 177.)

Due to the conduct of discovery on Defendant's permitted amendment, on October 29, 2021, 2021, the parties submitted a revised proposed pretrial order to the undersigned.[5] On November 22-23, the parties exchanged email correspondence with the undersigned containing Defendant's objections and Plaintiff's responses regarding what Defendant believed to be new claims contained in the proposed pretrial order, despite not lodging such objections in the draft pretrial document itself.[6] On November 23, 2021, a pretrial conference was held.[7] After addressing the various objections and disputes contained in the parties' draft order, counsel were ordered to continue to confer in line with the discussions held during the conference. (Order, ECF No. 199.) The Court extended the discovery

---

[4] The May 28, 2021 conference was held by Zoom and not transcribed; however, the Court maintains the Zoom recording and its own notes of the hearing in its electronic chambers file.

[5] Email from attorney Ellen Rudolph (Ellen.Rudolph@lewisbrisbois.com) to ksd_Birzer_chambers@ksd.uscourts.gov (Friday, October 29, 2021 at 4:33 p.m.) (maintained in chambers file).

[6] Email from Alan Rupe (Alan.Rupe@lewisbrisbois.com) to all counsel and chambers (Nov. 19, 2021 at 4:54 p.m.); email from Jennifer Hill (jhill@mcdonaldtinker.com) to all counsel and chambers (November 22, 2021 at 4:39 p.m.); email from Alan Rupe to counsel and chambers (November 23, 2021 at 8:44 a.m.) (all maintained in chambers file).

[7] The November 23, 2021 conference was not transcribed; however, the Court maintains the audio recording (Tape #10:00-11:20) and its own notes of the hearing in its electronic chambers file.

deadline to January 7, 2022, solely for the purpose of the parties' conferral and potential discovery of additional information to support Defendants' ministerial exception defense. (*Id.*)

The parties submitted their final proposed pretrial order to the undersigned on January 27, 2022.[8] As noted above, on February 3, 2022, the Court held a pretrial conference.

## II. Allegations in Pretrial Order

Essentially, the major disputes can be distilled to Defendant believing Plaintiff has asserted new claims in the pretrial order. In Plaintiff's Complaint (ECF No. 1), she clearly outlines the following claims:

- Count 1: Title IX Retaliation
- Count 2: Equal Pay Act
- Count 3: Title VII Retaliation
- Count 4: Hostile Work Environment (of unknown statutory basis; *see* discussion *infra* pages 6-7)
- Count 5: Title VII Gender Discrimination

In each version of the parties' jointly-proposed Pretrial Order, Plaintiff also includes the following "new" legal claims disputed by Defendant:

- Title IX gender discrimination;
- both Title VII and Title IX hostile work environment claims; and

---

[8] Email from Ellen Rudolph to chambers (Jan. 27, 2022 at 5:53 p.m.) (maintained in chambers file).

4

- Defendant takes issue with Plaintiff's claim that "Defendant failed to properly investigate the Title IX complaint by Plaintiff."

At this phase of this case, which has had a rather tortured procedural history already, the undersigned determined during the November 2021 and February 2022 pretrial conferences it would rule on Defendant's objections during the conference while, at the same time, preserving any objections in the Pretrial Order. This procedure will permit the timely filing of the order and permit any party to raise issues with the final Pretrial Order concurrently with any other dispositive motion briefing. The Court's rulings are briefly described here for that purpose.

## III.   Legal Standard

"When an issue is set forth in the pretrial order, it is not necessary to amend previously filed pleadings" because "the pretrial order is the controlling document for trial."[9] However, if a new "claim or defense appear[s] for the first time in the pretrial order, it is incumbent upon opposing counsel to meticulously examine the order, taking exception, if necessary, to the additions, and recording their objection in the pretrial order."[10] And, though the Court does not generally expect to see new claims or defenses not contained in the pleadings to appear in the pretrial order, it requires the Court to then engage in an analysis to determine whether the objecting party is unfairly deprived of notice, discovery, or the opportunity for motion practice.[11] Here, Defendant's objections to the pretrial order

---

[9] *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002) (quoting *Expertise Inc., v. Aetna Fin. Co.,* 810 F.2d 968, 973 (10th Cir.1987); Fed. R. Civ. P. 16(e)).
[10] *Id.* at 1216.
[11] *Id*. at 1215.

5

"prompt[s] an inquiry into whether [Defendant,] the objecting party received adequate notice"[12] of the additional claims.

Although the original Complaint is certainly one source of notice to Defendant,[13] the Tenth Circuit Court of Appeals has also "recognized that the discovery process can also provide adequate notice of factual allegations not specifically mentioned in a complaint."[14] "As a general rule, a plaintiff should not be prevented from pursuing a valid claim just because she did not set forth in the complaint a theory on which she could recover, provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits."[15]

## IV. Discussion

The Court first considers Defendant's objection to Plaintiff's inclusion of the claim "failure to properly investigate the Title IX complaint." Plaintiff does not specifically make this statement in Count I of her Complaint, although her original claim is generally for Title IX violations. While Defendant is correct that in a prior hearing,[16] Plaintiff argued Defendant's expert was opining on the adequacy of the investigation, which she contended at that time was not at issue in this case—ultimately, Defendant formally injected the "proper investigation" issue into this case with its expert report.[17] Additionally, it is without question this allegation has been an underlying current of this case all along, having first

---

[12] *Burke v. Regalado*, 935 F.3d 960, 1005 (10th Cir. 2019).
[13] *Id*. (citing *Matthews v. Bergdorf*, 889 F.3d 1136, 1144 (10th Cir. 2018)).
[14] *Id*. (citing *Okland Oil Co. v. Knight*, 92 F. App'x 589, 602 (10th Cir. 2003) (unpublished)).
[15] *Id*. (citing *Evans v. McDonald's Corp.,* 936 F.2d 1087 (10th Cir. 1991)).
[16] ECF No. 167, Hearing Tr. at 45-46 (Feb. 2, 2021).
[17] *See id*.

been discussed by the parties in briefing related to Plaintiff's early motion to disqualify counsel.[18] Defendant's expert later opined on the topic into its expert reports, as did Plaintiff's rebuttal expert. No additional discovery would be necessary. For these reasons, the Court overruled Defendant's objection and allowed the claim to remain because the Court finds Defendant has received adequate notice and is not unduly surprised.

Turning to the Title VII and Title IX hostile work environment claims, the underlying issue is Plaintiff's Complaint clearly includes a hostile work environment claim, but as discussed by the Court during the November pretrial conference, the heading of such claim contained a typographical error, noting it was a "Title <u>IV</u>" claim. (Compl., ECF No. 1 at 26.) Within this section, the Complaint both states she was "treated worse when she filed a charge of discrimination with the EEOC" (indicating perhaps a Title VII claim) (ECF No. 1 at ¶ 136(i)), and she "reported this harassment to Defendant Newman both directly . . . and indirectly by filing the Title IX complaint." (*Id*. at ¶ 137) (indicating perhaps a Title IX claim). Plaintiff admits that now, three years after the filing of this case, she is unsure about which statute she intended to rely upon at that time.[19]

---

[18] *See generally, e.g.,* Pl.'s Mem., ECF No. 19 (claiming Lewis Brisbois is alleged to have acted as an "independent investigator," when it later shifted to an advocate for Newman; also mentioning the "adequacy of the investigation," insinuating the investigation was not properly handled); Def.'s Resp., ECF No. 29 at 5 (noting "Plaintiff argues that her claim 'hinges partly on whether Newman engaged in a proper investigation of her Title IX complaint, which involves the mindset and knowledge of each of the individuals tasked to investigate the complaint.'")

[19] The February 3, 2022 pretrial conference was held by Zoom and not transcribed; however, the Court maintains the Zoom recording and its own notes of the hearing in its electronic chambers file.

Courts have generally assessed Title IX discrimination claims under the same legal analysis as Title VII claims.[20] Facts supporting both types of claims overlap, and the Court will ultimately analyze them under the same legal framework. Although the Court takes notice of Defendant's argument the damages permitted under the different theories are distinct, the forms of proof and the legal analyses are not. Therefore, the Court cannot find undue prejudice by allowing both types of hostile work environment claims to remain in the Pretrial Order.

The Court uses the same analysis to permit the additional Title IX gender discrimination to remain. Again, a Title VII gender discrimination claim has been previously pleaded and gender discrimination has been a part of this case since its inception. The proof utilized to support both types of claims overlap, and the Court will analyze them under the same legal framework.

It is also worth noting that in prior versions of the parties' "agreed" (a term used rather loosely) pretrial order, Defendant did not originally take issue with either the added hostile work environment claim or the added Title IX gender discrimination claim, first submitted to the Court in May 2021. In the parties' revised pretrial order submitted in November 2021, again, Defendant failed to object in the proposed Order to the added hostile work environment claim or the added Title IX gender discrimination claim. Defendant, apparently realizing its mistake, emailed the Court on November 22, 2021 to—for the first time—take issue with these added claims.

---

[20] *Throupe v. Univ. of Denver*, 988 F.3d 1243, 1251 (10th Cir. 2021).

Ultimately, the Court finds no surprise or prejudice to Defendant, because gender discrimination and hostile work environment have been the topics of this case since its filing.

### III. Conclusion

Finding Defendant is not unfairly deprived of notice, discovery, or the opportunity for motion practice, for the above reasons **IT IS THEREFORE ORDERED** that Plaintiff's claims contained in the proposed pretrial order are permitted to remain, along with Defendant's stated objections. The Pretrial Order will be filed simultaneously with this opinion.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 11th day of February, 2022.

<u>s/ Gwynne E. Birzer</u>
GWYNNE E. BIRZER
United States Magistrate Judge